Stella Havkin (SBN 134334)
David Jacob (SBN 256374)
Havkin & Shrago Attorneys at Law
5950 Canoga Avenue, Suite 400
Woodland Hills, California 91367
Telephone: (818) 999-1568
Facsimile: (818) 293-2414
Email:  stella@havkinandshrago.com

Attorneys for Debtors and Debtors in Possession Alex Foxman and Michal J. Morey

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA- SAN FERNANDO DIVISION

| | |
|---|---|
| In re | Case No. 1:21-bk-10179-VK |
| | Chapter 11 |
| Alex Foxman and Michal J. Morey, | Subchapter V |
| Debtors and Debtors in Possession. | **NOTICE OF MOTION AND MOTION FOR CONFIRMATION OF THE DEBTORS' SECOND AMENDED PLAN OF REORGANIZATION WITH MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR JUDICIAL NOTICE** |
| | Date: June 15, 2023 <br> Time: 1:30 p.m. <br> Courtroom: 301 via ZoomGov.com <br> Location: 21041 Burbank Boulevard, Woodland Hills, California 91367 |

**TO THE HONORABLE VICTORIA S. KAUFMAN UNITED STATES BANKRUPTCY JUDGE, SUSAN SEFLIN SUB CHAPTER V TRUSTEE, OFFICE OF THE UNITED STATES TRUSTEE, ALL CREDITORS AND OTHER INTERESTED PARTIES:**

Debtors and Debtors-in-Possession Alex Foxman and Michal J. Morey (the "Debtors") hereby submits the following Notice of Motion and Motion for an Order Confirming the Debtor's Second Amended Chapter 11 Plan of Reorganization ("Motion") pursuant to 11 U.S.C. §1129(b).

Notice and Motion to Confirm Page 1

**PLEASE TAKE NOTICE** that on June 15, 2023 at 1:30 p.m., before the Honorable Victoria S. Kaufman, United States Bankruptcy Judge, in Courtroom 301, of the above-entitled Court the ("Debtors") will move this Court for entry of an Order Confirming their Second Amended Chapter 11 Plan of Reorganization.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(f), any interested party that wishes to oppose the Motion must file a written opposition with the Clerk of the Bankruptcy Court, provide a courtesy copy to the chambers of the Honorable Victoria S. Kaufman and serve a copy upon the Debtors' counsel, whose name and address are set forth in the upper left corner of the first page of the Motion. Said opposition papers shall be filed and served within fourteen (14) days of the date of service.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(a)(11), failure to file and serve a timely written response may be deemed by the Court to be consent to the relief requested in the Motion. This Motion is made and based upon the moving papers, the attached Memorandum of Points and Authorities, the Declaration of the Debtors submitted in support of the Second Amended Plan, the arguments and representations of counsel, and any oral or documentary evidence presented at the time of the hearing.

**WHEREFORE,** Debtor respectfully requests that the Court enter an order Confirming the Debtors' Second Amended Chapter 11 Plan of Reorganization and granting such other and further relief as this Court deems just and proper under the circumstances.

Dated: May 15, 2023                **HAVKIN & SHRAGO**

                                    By:   */s/ Stella Havkin*
                                          Stella Havkin
                                    Attorneys for Alex Foxman and Michal J. Morey,
                                    Chapter 11 Debtor and Debtor in Possession

TABLE OF CONTENTS

Page

I.      BACKGROUND .................................................................................................. 8

II.     SUMMARY OF THE PLAN ............................................................................... 9

III.    THIS COURT HAS JURISDICTION OVER THE CONFIRMATION OF THE PLAN.. 10

IV.     THE PLAN MEETS THE CONTENT REQUIREMENTS OF A SUBCHAPTER V PLAN 10

V.      REQUIREMENTS FOR PLAN CONFIRMATION ARE SATISFIED ........................... 11

        A.    Standard for Confirmation ................................................................. 11

        B.    The Plan complies with the applicable provisions of the Code (Section
              1129(a)(1)) ........................................................................................ 11

              1.    The Plan properly classifies claims (Section 1122(a)) ................................ 11

                    (a)    The Debtor's exclusion of the Berger Frandsen Parties from
                           the Plan is proper. .............................................................. 11

                    (b)    The separate classification of Baute Crochetiere Hartley &
                           Velkei LLP claim is proper because it is not discriminatory. ......... 12

                    (c)    The separate classification of insider claims is proper
                           because there are no objections from insiders. ................................ 12

              2.    Section 1123(a) of the Bankruptcy Code. ................................................... 13

        C.    The Plan complies with the applicable provisions of the Code (11 U.S.C. §
              1129(a)(2)) ........................................................................................ 14

        D.    The Plan complies with the applicable provisions of the Code (11 U.S.C. §
              1129(a)(3)) ........................................................................................ 14

        E.    The Plan complies with the applicable provisions of the Code (11 U.S.C. §
              1129(a)(4)) ........................................................................................ 14

        F.    The Plan complies with the applicable provisions of the Code (11 U.S.C. §
              1129(a)(5)) ........................................................................................ 15

        G.    The Plan complies with the applicable provisions of the Code (11 U.S.C. §
              1129(a)(6)) ........................................................................................ 15

        H.    The Plan complies with the applicable provisions of the Code (11 U.S.C. §
              1129(a)(7)) ........................................................................................ 15

        I.    The Plan does not comply with 11 U.S.C. § 1129(a)(8) but complies with
              11 U.S.C. § 1191. ............................................................................. 15

1.      The Plan is fair and equitable under 11 U.S.C.§§ 1191(b) and (c). ............ 16

2.      The Plan does not "discriminate unfairly". ................................................. 16

J.      The Plan complies with the applicable provisions of the Code (11 U.S.C. § 1129(a)(9) ............................................................................................................. 17

K.      The Plan does not comply with  11 U.S.C. § 1129(a)(10) but complies with 11 U.S.C. § 1191(b). ............................................................................................... 17

L.      The Plan  complies with  11 U.S.C. § 1129(a)(11). ............................................. 17

M.      The Plan complies with 11 U.S.C. § 1129(a)(12). ............................................. 17

N.      The Plan complies with 11 U.S.C. § 1129(a)(13). ............................................. 17

O.      The Plan complies with 11 U.S.C. § 1129(a)(14). ............................................. 17

P.      The Plan complies with 11 U.S.C. § 1129(a)(15). ............................................. 17

Q.      The Plan complies with 11 U.S.C. § 1129(a)(16). ............................................. 17

R.      The Plan does not need to comply with 11 U.S.C. § 1129(b). .............................. 18

11 U.S.C. § 1181(a) omits the 11 U.S.C. § 1129(b) requirement. ..................................... 18

S.      Discharge. .......................................................................................................... 18

IV      CONCLUSION .......................................................................................................... 18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                        Page

*Cadlerock Joint Venture, L.P. v. Lobel.,*
    206 Cal. App. 4th 1531 (2012)........................................................... 12

*In re Acequia, Inc.,*
    787 F.2d 1352 (9th Cir.1986)............................................................ 16

*In re Ambanc La Mesa LP.,*
    115 F.3d 650 (9th Cir.1997)............................................................. 16

*In re Ambanc La Mesa Ltd. Pshp.,*
    115 F.3d 650 (9th Cir. 1997)............................................................ 11

*In re FCS, Inc.,*
    85 F.2d 1149 (4th Cir.1988)............................................................. 13

*In re Genesis Health Ventures, Inc.,*
    266 B.R. 591 (Bankr Del. 2001). ...................................................... 16

*In re Greater Bay Hotel & Casino, Inc.,*
    251 B.R. 213 (Bankr.D.N.J.2000)..................................................... 16

*In re Le Blanc,*
    622 F.2d 872 (5th Cir. 1980)............................................................ 12

*In re Loop 76, LLC*, 465 B.R. 525 (B.A.P. 9th Cir. 2012). ..................... 11

*In re Sylmar Plaza, L.P.*
    314 F.2d 1070 (9th Cir. 2002). ......................................................... 14

*In re Tucson Self-Storage, Inc.* 166 B.R. 892 (B.A.P 9th Cir 1994)............. 11

*In re U.S. Truck Co Inc*, 800 F.2d 581 (6th Cir 1986). .............................. 11

*In re Wolf.,*
    22 B.R. 510 (B.A.P. 9th Cir.1982). ................................................... 16

*Pacific Gas & Electric Co. v. Calif. Dept. of Toxic Substances.*
    350 F.3d 932 (9th Cir. 2003)............................................................. 14

*Simpson v. Deutsche Bank.,*
    2013 Bankr. LEXIS 4643 (B.A.P. 9th Cir 2013). ............................... 12

<u>Statutes</u>

11 U.S.C. § 1107(a)............................................................................... 8

11 U.S.C. § 1108. ................................................................................. 8

11 U.S.C. § 1114. ................................................................................. 17

11 U.S.C. § 1122(a)............................................................................... 11

11 U.S.C. § 1122. .................................................................................................... 13

11 U.S.C. § 1123(a)(1). ........................................................................................... 13

11 U.S.C. § 1123(a)(2). ........................................................................................... 13

11 U.S.C. § 1123(a)(3). ........................................................................................... 13

11 U.S.C. § 1123(a)(4). ........................................................................................... 13

11 U.S.C. § 1123(a)(5). ...................................................................................... 13, 14

11 U.S.C. § 1123(a)(6). ........................................................................................... 14

11 U.S.C. § 1123(a)(8). ........................................................................................... 14

11 U.S.C. § 1123. .................................................................................................... 13

11 U.S.C. § 1129(a)(11). ......................................................................................... 17

11 U.S.C. § 1129(a)(12). ......................................................................................... 17

11 U.S.C. § 1129(a)(14). ......................................................................................... 17

11 U.S.C. § 1129(a)(15). ......................................................................................... 17

11 U.S.C. § 1129(a)(16). ......................................................................................... 17

11 U.S.C. § 1129(a)(3). ........................................................................................... 14

11 U.S.C. § 1129(a)(4). ...................................................................................... 14, 15

11 U.S.C. § 1129(a)(5) ............................................................................................ 15

11 U.S.C. § 1129(a)(5). ........................................................................................... 15

11 U.S.C. § 1129(a)(7). ........................................................................................... 15

11 U.S.C. § 1129(a)(8). ........................................................................................... 15

11 U.S.C. § 1129(b)(1). ........................................................................................... 16

11 U.S.C. § 1181(a). ............................................................................................... 14

11 U.S.C. § 1191(b). ............................................................................................... 16

11 U.S.C. § 501. ...................................................................................................... 12

11 U.S.C. § 502(b)(1). ............................................................................................ 12

11 U.S.C. § 507(a)(2). ............................................................................................ 13

11 U.S.C. § 507(a)(3). ............................................................................................ 13

11 U.S.C. § 507(a)(8). ............................................................................................ 13

11 U.S.C.. § 1114 .................................................................................................... 17

28 U.S.C. § 157(b)(2)(A) and (L). ................................................................................ 10

Cal. Civ. Proc. Code § 580a. .................................................................................... 12

Cal. Civ. Proc. Code. § 580d. .................................................................................. 12

Cal. Civ. Proc. Code. § 726(a) ................................................................................ 12

### Other Authorities

S. Rep. No. 989, 95th Cong., 2d Sess. 126 (1978)............................................................ 11

No table of authorities entries found.Treatises

7 COLLIER ON BANKRUPTCY ¶ 1129.02 (16th Ed 2023) .................................................. 11

1

2                    **MEMORANDUM OF POINTS AND AUTHORITIES**

3                              **I.    BACKGROUND**

4          Alex Foxman and Michal J. Morey are individuals and the Debtors and Debtors-in-

5    Possession (the "Debtors") in this Chapter 11 case ("Case").  On February 3, 2021 (the "Petition

6    Date"), the Debtor commenced the case by filing a voluntary Chapter 11 petition under the United

7    States Bankruptcy Code, 11 U.S.C. §101, *et. seq (*the "Code").  The Debtors continue to manage

8    their  bankruptcy estate and fulfill all debtor and debtor-in-possession requirements pursuant to

9    sections 1107(a) and 1108 of the Code.

10         This Case was filed for the Debtors to both deal with debt, liquidate litigation both as an

11   asset and as a liability and emerge with a reorganized business. This plan ("Plan") and this Case

12   enables and has enabled the Debtors to accomplish these goals.  Before and to a certain extent after

13   the Petition Date, litigation with Andre Berger, Tracy Berger, Russell Frandsen and Christie

14   Frandsen ("Berger-Frandsen Parties ") has monopolized the proceedings preventing a viable plan

15   from being confirmed because their claim was contingent on the rulings of the Los Angeles Superior

16   Court ("State Court").   Now that the Berger-Frandsen Parties have been granted two relief from

17   stay orders, both as to liquidation and as to collection, their payout, if any, is to be made outside the

18   Plan.  Although the second relief from stay order enabled the Berger Frandsen Parties to file an

19   amended proof of claim, this second relief from stay order was entered before the State Court denied

20   the Berger-Frandsen Parties' attorneys' fees which they sought in the sum of $1,800,000 which was

21   the primary source of any potential deficiency.  Assuming the Berger-Frandsen Parties can liquidate

22   the Debtors' rental property, they will then need to liquidate the Debtors' primary residence.  If any

23   deficiency remains after the sale of both properties, the deficiency will be subject to California's

24   anti-deficiency statute and thus, the Berger Frandsen Parties have no claim in this Case nor any

25   right to be paid from the Plan.  Because the Berger-Frandsen Parties cannot participate in the

26   proceedings, they have no standing to object to this Motion, nor the Plan.  By obtaining the relief

27   from stay as to collection and liquidation, all the important issues are to be determined outside of

28   the Plan.  The Berger-Frandsen Parties can no longer hold up this Case and the confirmation of the

1 Plan.

2     Since the Court granted the Berger-Frandzen parties, there have been significant

3 developments in the Superior Court case.  First, the entire claim for attorney's fees of nearly

4 $1,800,000 was disallowed by the Superior Court.  A true and correct copy of the Superior Court's

5 Order of April 21 2023 is attached to the Request for Judicial Notice (RJN") as Exhibit "A."

6 Unsatisfied with this ruling, the Berger-Frandsen parties filed a motion for clarification of the

7 ruling.  The Superior Court denied the motion for clarification.  A true and correct copy of the ruling

8 on the motion for clarification dated May 3, 2023 is attached to the RJN as Exhibit "B."

9     When the Berger-Frandsen parties realized that they could not obtain any deficiency from

10 the Debtors, they filed an amended judgment/order seeking to conduct a judicial foreclosure of the

11 Debtors' properties.   This is despite the fact that at not time did the Berger-Frandsen parties seek

12 a judicial foreclosure in their complaint, trial or any time prior to the entry of the Superior Court's

13 order. When the Debtor objected to amendment of the judgment, the Berger-Frandsen parties filed

14 a notice of request for the Court to enter any judgment.  A true and correct copy of the request dated

15 May 10, 2023 is attached to the RJN as Exhibit "C."  Further, based on the events that have

16 transpired in the Superior Court case, the Debtors based on expert advice believe that the Berger-

17 Frandsen parties have exercised their rights against the Debtors in personam thereby waiving their

18 rights against the Debtors' real properties.  This issue will be the subject of further litigation in the

19 Superior Court.  Since no ruing has been made on this issue by the Superior Court, the Debtors'

20 Plan properly treats the Berger-Frandsen Parties by not providing for them in the Plan as they have

21 limited themselves to seeking recovery outside the Plan through their motions for relief from stay

22 to foreclose on the Debtors' real properties and pursuant to California law they are not entitled to

23 any deficiency claims, assuming there were any.

24     Nevertheless, the Berger-Frandsen parties submitted a vote against the Debtors' plan.  No

25 other creditor voted either in favor or against the Plan.  See, Docket 355.  Therefore, the Debtors

26 seek confirmation of their Second Amended Plan pursuant to 11 U.S.C. Section 1129(b).

27

28

## II.    SUMMARY OF THE PLAN

The Plan is to devote the Debtors' projected disposable income of $3,000.00 a month from their income to paying allowed claims for sixty months for a total of $180,000.00 which is to be used to pay to allowed claims ("Grand Total"). This Grand Total would increase in the event the Debtors successfully collect on pending litigation with Evolent Health Care ("Evolent") and possibly against the Berger-Frandsen Parties which is set for jury trial in October, 2023. However, before the Debtors can collect against the Berger-Frandsen Parties, the Berger-Frandsen Parties will be paid outside the Plan as well as any secured creditors on the collateral that the Berger-Frandsen Parties liquidate. If the Debtors are unsuccessful in collecting on any of the above-mentioned pending litigation and on the claim objection against Baute Crochetiere Hartley & Velkei LLP ("Baute"), then the percentage to unsecured claims will be approximately 29.5%. If the Debtors prevail on the claim objection against Baute, the unsecured creditors other than insiders would receive 93.7% of their allowed claims.

This will be after priority administrative claims are paid, which are estimated to be $50,000 as set forth below.

| Name | Amount Owed | Treatment |
|------|-------------|-----------|
| Clerk's Office Fees | $0.00 | Paid in full on the Effective Date |
| Havkin & Shrago | $33,000 (est.) [The total fees are estimated at approximately $50,000 of which $22,074.89 was paid and which is 65% of approved fees in connection with an interim fee order] | Paid in full out of the Debtors' cash on hand on the later of (i) the date that the Court enters an order allowing such fees and expenses and (ii) Effective Date. |
| Susan K Seflin Subchapter V Trustee | $17,000 (est) [Total fees and costs are estimated at approximately $23,000, of which $6,091.49 was paid in connection with an interim fee order]. | Paid in full on the Effective Date. |
| Quantum Law Group (hourly case) The contingency case is not resolved and will be subject of a motion upon resolution. | [Total fees and costs approved in interim order was $149,440.27 with 65% permitted to be paid. The 35% unpaid fees will be paid by the | Paid by the Debtors' medical corporations in full upon approval. |

| | | |
|---|---|---|
| | Debtors' medical corporations upon approval by the Court]. | |
| John Menchaca | [Total fees and costs approved on interim basis was $34,596.50. After applying the $8,000 retainer and payment of 65% approved fees, the amount owed is $22,487.37. This is owed by the Debtors' medical corporations, not the Debtors.] | Paid by the Debtors' medical corporation in full upon approval. |
| Total | $50,000 (est) | |

The insiders will be paid nothing in the Plan pursuant to their agreement with the Debtors.

**III.     THIS COURT HAS JURISDICTION OVER THE CONFIRMATION OF THE PLAN.**

This Court has jurisdiction over this Case pursuant to 28 U.S.C. § 157(a).  Venue of this Case is appropriate in the Central District of California pursuant to 28 U.S.C. § 1408.  Confirmation is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (L).

**IV.     THE PLAN MEETS THE CONTENT REQUIREMENTS OF A SUBCHAPTER V PLAN**

11 U.S.C. § 1190 provides in pertinent part:

A plan filed under this subchapter—

(1) shall include—

(A) a brief history of the business operations of the debtor;

(B) a liquidation analysis; and

(C) projections with respect to the ability of the debtor to make payment

under the proposed plan of reorganization

(2) shall provide for the submission of all or such portion of the future earnings or

other future income of the debtor to the supervision and control of the trustee as is

necessary for the execution of the plan;

Here, the Plan provides a brief history of the bankruptcy operation of the Debtor in Section III (F) of the Plan.  The liquidation analysis is located in Section III(G) with Exhibit "2" showing

1    the numbers.  The projections are located in Section III(H) with the numbers located in Exhibit

2    "4" of the Plan.

3    ## V.    REQUIREMENTS FOR PLAN CONFIRMATION ARE SATISFIED

4    **A. Standard for Confirmation**

5    11 U.S.C. § 1191(a) and (b) incorporate all the plan requirements set forth in 11 U.S.C. §

6    1129(a).  However, if the requirements 11 U.S.C. §§ 1129(a)(8), (a)(10) and (a)(15) are not met,

7    then 11 U.S.C. § 1191(b) permits the court to confirm the plan if the plan does not discriminate

8    unfairly and is fair and equitable as to the classes of the creditors and interests that did not accept

9    the plan.

10    A plan proponent must demonstrate each element of 11 U.S.C. § 1129 by a preponderance of

11    the evidence.  *Liberty Nat'l Enters. v. Ambanc La Mesa Ltd. Pshp. (In re Ambanc La Mesa Ltd.*

12    *Pshp.)*, 115 F.3d 650, 653 (9th Cir. 1997).

13    **B. The Plan complies with the applicable provisions of the Code (Section 1129(a)(1))**

14    11 U.S.C. § 1129(a)(1) provides that a plan may be confirmed only if the "plan complies with the

15    applicable provisions of the title."  The phrase "applicable provisions" was intended by Congress to

16    mean that the Plan comply with  11 U.S.C. §§ 1122, 1123, which governs claim classification and

17    reorganization plan   S. Rep. No. 989, 95th Cong., 2d Sess. 126 (1978) cited by 7 COLLIER ON

18    BANKRUPTCY ¶ 1129.02 (16th Ed 2023)

19    1.    The Plan properly classifies claims (Section 1122(a))

20    (a)        *The Debtor's exclusion of the Berger Frandsen Parties from the Plan is proper.*

21    The Debtor has broad discretion to classify claims in a plan of reorganization.  See, *In re*

22    *Tucson Self-Storage, Inc*. 166 B.R. 892, 897 (B.A.P 9th Cir 1994).  The only restriction on class

23    creation imposed by the Code is in Section 1122(a), which provides that a plan may place a claim

24    or an interest in a particular class if that claim or interest is "substantially similar" to other claims

25    or interests in that class.  The term "substantially similar" is not defined in the Code, leaving courts

26    with the discretion to define the term.  See, *In re U.S. Truck Co Inc*, 800 F.2d 581, 584-587 (6th Cir

27    1986).

28    A unique source of repayment different from other claims is a legitimate reason to separately

classify those claims from other ones.    *In re Loop 76, LLC*, 465 B.R. 525, 541 (B.A.P. 9th Cir. 2012) aff'd, 578 Fed. Appx.644 (9th Cir 2014) (approving the separate classification of a secured claim because that claimant could collect from a non-debtor unlike other claimants).    However, unlike the *Loop 76 LLC* case, the creditor here was granted relief from stay on 11 U.S.C. 362(d)(2) grounds, Docket Nos. 347, 348 ("Relief From Stay Orders").    The real estate in *Loop 76 LLC* was necessary for an effective reorganization and therefore the secured creditors in *Loop 76 LLC* needed to be classified.

The Berger-Frandsen Parties had an allowable claim until they were granted relief from stay. Any deficiency that could arise from the foreclosure of the Debtors' real properties is extinguished by operation of the one-action rule under California Civil Procedure Code ("C.C.P.")§ 726(a) and anti-deficiency statute under C.C.P. § 580d; Cal. Civ. Proc. Code § 580a. *Cadlerock Joint Venture, L.P. v. Lobel*., 206 Cal. App. 4th 1531, 1540 (2012) (once a creditor exercises the right to sell a piece of real estate, the anti-deficiency statute prevents that creditor from going after the remaining balance).    The Berger-Frandsen Parties, to the extent an allowable claim existed, that claim has been eliminated and is outside the estate.    Once the Berger-Frandsen Parties exhaust their collateral, any "in personam liability related to the debt secured" by the subject real estate is extinguished. *Simpson v. Deutsche Bank*., 2013 Bankr. LEXIS 4643 *3, *20-21 (B.A.P. 9th Cir 2013) (the creditor's claim was allowable until the foreclosure sale).    The Relief From Stay Orders forbid the Berger-Frandsen Parties from pursuing any deficiency claim against the Debtors except by filing a proof of claim pursuant to 11 U.S.C. § 501.    However, this does not mean that Berger-Frandsen Parties have an allowable claim under California law under 11 U.S.C. § 502(b)(1).

(b)        *The separate classification of Baute Crochetiere Hartley & Velkei LLP claim is proper because it is not discriminatory.*

The claim held by Baute Crochetiere Hartley & Velkei LLP ("Baute") is a disputed claim and to the extent that the Baute claim is allowed, the Baute claim is treated the same as the other allowed unsecured claimants.

1    *(c)      The separate classification of insider claims is proper because there are no*

2    *objections from insiders.*

3    Insiders have subordinated their claims to the non-insiders and the bankruptcy court has

4    the discretion to allow discrimination on insider grounds. *In re Le Blanc*, 622 F.2d 872, 879 (5th

5    Cir. 1980) (creating an insider class who received no payout was an acceptable class and that is

6    determined on a case by case basis).  11 U.S.C. § 1129(a)(10) supports the separate classification

7    of insiders.

8

9    2.      Section 1123(a) of the Bankruptcy Code.

10    The Plan complies with the seven (7) mandatory provisions of 11 U.S.C. § 1123(a).

11    11 U.S.C. § 1123(a)(1) of the Bankruptcy Code requires that a plan of reorganization

12    designate classes of claims other than claims of the kind specified in 11 U.S.C. § 507(a)(2), (3) and

13    (8) of the Bankruptcy Code.  The Plan satisfies the requirements of 11 U.S.C. § 1123(a)(1) of the

14    Bankruptcy Code by designating all classes of claims other than claims specified in 11 U.S.C. §§

15    507(a)(2), (3) and (8) of the Bankruptcy Code.

16    11 U.S.C. § 1123(a)(2) of the Bankruptcy Code requires that a plan of reorganization specify

17    designate those classes of claims or interests that are not impaired, and 11 U.S.C. § 1123(a)(3) of

18    the Code requires that a plan specify those classes of claims or interests that are  impaired.  The Plan

19    satisfies both of these requirements by indicating whether each class under  the Plan is impaired and

20    what treatment each class will receive.

21    11 U.S.C. § 1123(a)(4) of the Bankruptcy Code requires that a plan provide the same

22    treatment for each claim or interest of a particular class, unless the holder of a particular claim  or

23    interest agrees to less favorable treatment.  The Plan satisfies this requirement as no claim holder or

24    interest holder is receiving treatment under the Plan different from any other claim holder or interest

25    holder in the same class.  The Plan satisfies the requirement of 11 U.S.C. § 1123(a)(4).

26    11 U.S.C. § 1123(a)(5) of the Bankruptcy Code requires that a plan provide adequate means

27    for the Plan's implementation and sets forth non-exclusive list of methods of doing so.  In general

28    terms, 11 U.S.C. § 1123(a)(5) is an empowering statute meant to enhance the ability of the

proponent to deal with the property of the estate by providing for preemption of conflicting state laws. *Universal Cooperatives, Inc. v. FCX Inc (In re FCS, Inc.),* 85 F.2d 1149, 1155 (4th Cir.1988), cert denied, 489 U.S. 1011 (1989).  The methods of plan implementation as set forth in

11 U.S.C § 1123(a)(5) are self-executing, so a plan of reorganization may propose acts to implement the plan notwithstanding contrary  non-bankruptcy agreements. *Pacific Gas & Electric Co. v. Calif. Dept. of Toxic Substances.*350 F.3d 932, 937 (9th Cir. 2003), cert. denied, 543 U.S. 956 (2004). The examples of adequate means for implementation of a plan set forth in 11 U.S.C. § 1123(a)(5) are illustrative and do not exclude or limit other means of implementation. *Pacific Gas*, at 937.

11 U.S.C. § 1123(a)(6) of the Bankruptcy Code requires that a plan provide for the inclusion in the charter of a corporate debtor a provision prohibiting the issuance of nonvoting equity securities, and providing, as to the several classes of securities possessing voting power, an appropriate distribution of such power among classes.  This provision is not applicable in this Case.

11 U.S.C. § 1181(a) does not include 11 U.S.C. § 1123(a)(8).

**C.  The Plan complies with the applicable provisions of the Code (11 U.S.C. § 1129(a)(2))**

11 U.S.C. § 1129(a)(2) provides that a court may confirm a plan only if the proponent of the plan complies with the applicable provisions of the title.  This is interpreted to mean that the proponents have complied with the requirements of 11 U.S.C. §§ 1121, 1125 and 1127. These provisions are not included in Subchapter V under 11 U.S.C. §§ 1181(a) and (b).

**D.   The Plan complies with the applicable provisions of the Code (11 U.S.C. § 1129(a)(3))**

The plan is proposed in "good faith" and not by any means forbidden by law (11 U.S.C. § 1129(a)(3));  11 U.S.C. §§ 1129(a)(3) provides that a court may confirm a plan only if the plan is proposed in "good faith and not by any means forbidden by law."  A plan is proposed in good faith if it is consistent with the objectives and purposes of the Code.  See *In re Sylmar Plaza, L.P.* 314 F.2d 1070, 1074 (9th Cir. 2002).

The Plan has been proposed in good faith by the Debtor who has consulted with the Subchapter V Trustee throughout this Case to administer the estate and propose the means and implementation in good faith.

1    **E.      The Plan complies with the applicable provisions of the Code (11 U.S.C. §**
2         **1129(a)(4))**

3    11 U.S.C. § 1129(a)(4) provides for payments to be made for "services or for costs and expenses
4    in connection with the case or in connection with the plan, for services or for costs and expenses in
5    connection with the case, or in connection with the plan and incident to the case, has been approved
6    by, or is subject to the approval of the Court as reasonable. "  Pursuant to section IV(A)(iv) the Court
7    must approve all professional fees and expenses before they may be paid.

8    **F.      The Plan complies with the applicable provisions of the Code (11 U.S.C. §**
9         **1129(a)(5)**

10   The identity of the Debtor is not an issue and therefore the Debtor has complied with 11 U.S.C.
11   § 1129(a)(5).

12        -All professional fees have been approved by the court or are subject to court approval (11
13   U.S.C. § 1129(a)(4));

14        -The plan discloses the identities of future management and insiders to be employed under
15   the plan (11 U.S.C. § 1129(a)(5));

16   **G.      The Plan complies with the applicable provisions of the Code (11 U.S.C. §**
17        **1129(a)(6)**

18        The Plan complies with the applicable provisions of 11 U.S.C. §1129(a)(6) because there
19   is no governmental regulatory commission with jurisdiction, after confirmation of the Plan, over
20   the rates of the Debtor's necessitating approval of any rate change provided for in the Plan.

21   **H.      The Plan complies with the applicable provisions of the Code (11 U.S.C. §**
22        **1129(a)(7)**

23        -Each member of the class needs to accept the plan or receive at least as much as they
24   would in Chapter 7. (11 U.S.C. §1129(a)(7)).  The Plan in the liquidation analysis is set forth in
25   Exhibit "2".

26   **I.      The Plan does not comply with 11 U.S.C. § 1129(a)(8) but complies with 11**
27        **U.S.C. § 1191.**

28   If a plan does not comply with the  "best interest of creditors" test (11 U.S.C. §1129(a)(8))

then the plan needs to be confirmed on 11 U.S.C. § 1191(b) grounds. Since there are no

consenting impaired non insider classes, the Debtor requests confirmation on 11 U.S.C. § 1191(b)

grounds. 11 U.S.C. § 1191(b) means that the Plan does not discriminate unfairly and is fair and

equitable with respect to classes.

1.   The Plan is fair and equitable under 11 U.S.C.§§ 1191(b) and (c).

With respect to all classes of creditors that are not secured, "fair and equitable" is defined

by the requirements of 11 U.S.C. § 1191(c)(2) as follows:

> As of the effective date of the plan
> (A)  The plan provides that all of the projected disposable income
> of the debtor to be received in the 3-year period, or such longer
> period not to exceed 5 years as the court may fix, beginning on the
> date that the first payment is due under the plan will be applied to
> make payments under the plan; or
> (B)  The value of the property to be distributed under the plan in
> the 3-year period, or such longer period not to exceed 5 years as
> the court may fix, beginning on the date on which the first
> distribution is due under the plan is not less than the projected
> income of the debtor.

The Debtors are projecting all of their disposable income towards the Plan, as well as any money

received from litigation.

2.   The Plan does not "discriminate unfairly".

Subchapter V does not specially define "unfair discrimination," but the term is not new, and

it has been used for decades as part of 11 U.S.C. § 1129(b)(1). Therefore, it is appropriate to look

to existing chapter 11 case law to interpret "unfair discrimination" under 11 U.S.C. § 1129(b) for

purposes of 11 U.S.C. § 1191(b). The weight of judicial authority holds that a plan unfairly

discriminates in violation of 11 U.S.C. § 1129(b) only if similar claims are treated differently

without a reasonable basis for the disparate treatment. See *In re Genesis Health Ventures, Inc.*, 266

B.R. 591, 611-12 (Bankr.D.Del.2001); *In re Greater Bay Hotel & Casino, Inc.*, 251 B.R. 213, 228

(Bankr.D.N.J.2000); see also *In re Acequia, Inc.*, 787 F.2d 1352, 1364 (9th Cir.1986) ("The Collier

treatise states that this provision requires that a plan 'allocate' value to the class in a manner

consistent with the treatment afforded to other classes with similar legal claims against the debtor.").

Discrimination among similarly situated creditors is a four-part test: "(1) the discrimination

must be supported by a reasonable basis; (2) the debtor could not confirm or consummate the Plan

without the discrimination; (3) the discrimination is proposed in good faith; and (4) the degree of the discrimination is directly related to the basis or rationale for the discrimination." *Liberty National Enterprises v. Ambanc La Mesa LP (In re Ambanc La Mesa LP),* 115 F.3d 650, 656 (9th Cir.1997) (citing *In re Wolf*, 22 B.R. 510, 511-12 (B.A.P. 9th Cir.1982)).

Here, the Plan does not treat similar claims differently or otherwise discriminate among similarly situated creditors without a reasonable basis for the disparate treatment. The secured creditors are being paid from the foreclosure sales which they have chosen to seek through the relief from stay motions.

**J.  The Plan complies with the applicable provisions of the Code of 11 U.S.C. § 1129(a)(9).**

The Plan provides for treatment for priority claims.

**K.  The Plan does not comply with 11 U.S.C. § 1129(a)(10) but complies with 11 U.S.C. § 1191(b).**

Notwithstanding the fact that not one impaired non-insider class has approved the Plan, the Plan complies with requirements of 11 U.S.C. § 1191(b), as explained above.

**L.  The Plan complies with 11 U.S.C. § 1129(a)(11).**

The Plan is "feasible" 11 U.S.C. §1129(a)(11) because the Debtors have a viable medical practice which has been ongoing for many years and will continue to provide them with income to support the payments to be made through the Plan.

**M.  The Plan complies with 11 U.S.C. § 1129(a)(12).**

The Plan provides for payment of Court and U.S. Trustee fees.  (11 U.S.C. § 1129(a)(12)).

**N.  The Plan complies with 11 U.S.C. § 1129(a)(13).**

The Plan complies with 11 U.S.C. § 1129(a)(13) because it provides for the continuation after its effective date of payment of all retiree benefits (*of which there are none*), as that term is defined in section 1114 of Title 11 (11 U.S.C. § 1114), at any time prior to confirmation of the Plan, for the duration of the period the Debtors have obligated themselves to provide such benefits.

**O.  The Plan complies with 11 U.S.C. § 1129(a)(14).**

There are no post-petition domestic support obligations due under any court order or statute

1  (11 U.S.C. § 1129(a)(14)).

2  **P.  The Plan complies with 11 U.S.C. § 1129(a)(15).**

3  The Plan provides for payment of the Debtors' disposable income over 5 years to unsecured

4  creditors (11 U.S.C. § 1129(a)(15)).

5  **Q.  The Plan complies with 11 U.S.C. § 1129(a)(16).**

6  This provision is inapplicable to the Debtors (11 U.S.C. §1129(a)(16)).

7  **R.  The Plan does not need to comply with 11 U.S.C. § 1129(b).**

8  11 U.S.C. § 1181(a) omits the 11 U.S.C. § 1129(b) requirement.

9  **S.  Discharge.**

10  Since the Debtors seek to confirm the Plan pursuant to 11 U.S.C. § 1191(b), the Debtors request

11  a discharge pursuant to 11 U.S.C. §§ 1192 and 1141(d), as soon as practicable after the Debtors

12  have completed payments to the Classes for which the Plan was confirmed pursuant to 11 U.S.C. §

13  1191(b).

14  **IV.    CONCLUSION**

15  The Debtors respectfully request that the Court confirm the Plan based on the Motion and

16  the evidence provided in support thereof.

17

18

19  DATED: May 15, 2023                     Havkin & Shrago

20

21                                          By: _____

22                                          Stella Havkin

23                                          Attorneys for Debtors and Debtors in Possession
                                            Alex Foxman and Michal J. Morey

24

25

26

27

28

Notice and Motion to Confirm Page 19

1    **TO THE HONORABLE VICTORIA S. KAUFMAN UNITED STATES**

2    **BANKRUPTCY JUDGE, SUSAN SEFLIN SUB CHAPTER V TRUSTEE, OFFICE OF THE**

3    **UNITED STATES TRUSTEE, ALL CREDITORS AND OTHER INTERESTED PARTIES:**

4    Pursuant to *Rule 201* of the Federal Rules of Evidence, Debtors hereby requests that the

5    Court take judicial notice of the following facts and/or documents, the veracity of which are not

6    the subject of any reasonable dispute.

7    1.    A true and correct copy of the Superior Court's Order of April 21, 2023, is attached

8    hereto as Exhibit "A."

9    2.    A true and correct copy of the ruling on the motion for clarification dated May 3,

10    2023 is attached hereto as Exhibit "B."

11    3.    A true and correct copy of the request filed on May 10, 2023 seeking to withdraw

12    request for judgment is attached hereto as Exhibit "C."

13

14

15    DATED: May 15, 2023

16    Havkin & Shrago

17    By: _____

18    Stella Havkin
Attorneys for Debtors and Debtors in Possession

19

20

21

22

23

24

25

26

27

28

Notice and Motion to Confirm Page 20

**EXHIBIT A**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 62

**19STCV00723**                                                    April 21, 2023
**ANDRE BERGER, et al. vs ALEX FOXMAN, et al.**                    8:10 AM

Judge: Honorable Michael L. Stern              CSR: None
Judicial Assistant: M. Alaniz                  ERM: None
Courtroom Assistant: P. Figueroa               Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Ruling on Submitted Matter

The Court, having taken the matter under submission on 04/17/2023 for Hearing on Motion for Attorney Fees, now rules as follows:

The Court ordered supplemental briefing by the parties regarding the request for attorneys' fees by Russell M. Frandsen in connection with the motion by plaintiffs on a Motion for Enforce Settlement Agreement Pursuant to the Court's Retained Jurisdiction. The Court has reviewed the supplemental declaration and attachment filed by Russell M. Frandsen and the supplemental opposition by the responding defendants. In deciding the request by Russell M. Frandsen, the Court reviews the essential procedural background of this consolidated case.

On January 8, 2019, the initial Complaint in Berger, et al. v. Foxman et al., case no. 19STCV000723 was filed. Attorney Russell M. Frandsen is stated as representing himself and plaintiffs Christie Frandsen, and National ACO, LLC. Attorney Stacy L. Sokol represented the Berger plaintiffs.

On February 19, 2019, plaintiffs Andre Berger and Tracy Berger executed substitution of attorneys forms pursuant to which attorney Steven S. Davis became their attorney of record in case no. 19STCV000723.

On February 28, 2019, by attorneys Steven S. Davis and Russell M. Frandsen, jointly for plaintiffs Andre Berger, Tracy Berger, Russell M. Frandsen, Christie Frandsen and National ACO, LLC, plaintiffs filed a First Amended Complaint against defendants Alex Foxman, Michal Morley-Foxman, Ilana Mikhlin, Richard Fox, Alex Foxman, MD, Inc. and Med Institute, Inc.

On May 2, 2019, by a Notice of Settlement filed by attorney Russell M. Frandsen, the parties informed the Court that they had consummated a settlement in case no. 19STCV000723.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 62

**19STCV00723**                                                                          April 21, 2023
**ANDRE BERGER, et al. vs ALEX FOXMAN, et al.**                                          8:10 AM

Judge: Honorable Michael L. Stern                    CSR: None
Judicial Assistant: M. Alaniz                        ERM: None
Courtroom Assistant: P. Figueroa                     Deputy Sheriff: None

On May 13, 2019, the Court reviewed a stipulation by the parties for the Court to retain jurisdiction to enforce the terms of the parties' settlement under Code of Civil Procedure section 664.6. The case no. 19STCV000723 was dismissed without prejudice with the court retaining jurisdiction to enforce the terms of the settlement.

On August 13, 2020, plaintiffs Alex Foxman and Michal Morey-Foxman filed their Complaint for Declaratory Relief and Damages against Russell M. Frandsen, Christie Frandsen, Andre Berger, Tracy Berger, National ACO, LLC, NACO MSO, LLC CCM Tenn, LLC and National CCM, LLC, case no. 20STCP02611.

On September 15 and 16, 2020, defendants Russell M. Frandsen, Christie Frandsen, Andre Berger, Tracy Berger and National ACO, LLC signed forms that substituted attorney Steven S. Davis as their attorney of record instead of Russell M. Frandsen in case no. 19STCV00723. Upon filing, attorney Frandsen was no longer attorney of record for himself or any other parties.

On November 20, 2020, by attorney Steven S. Davis, all defendants answered the First Amended Complaint in case no. 20STCP02611.

On December 9,2020, by attorney Steven S. Davis, defendants Andre Berger, Tracy Berger, Russell M. Frandsen, Christie Frandsen and National ACO, LLC filed a Motion to Enforce Settlement Agreement Pursuant to the Court's Retained Jurisdiction in case no. 19STCV00723, which had been consolidated with the high-numbered case no. 20STCP02611. This motion previously had been filed by the same plaintiffs by attorney Steven S. Davis.

A hearing on the Motion to Enforce Settlement Agreement Pursuant to the Court's Retained Jurisdiction in case no. 19STCV00723 was heard in this Court from July 19 to August 16, 2022. On November 30, 2022, this Court rendered judgment in favor of plaintiffs on the Motion to Enforce Settlement Agreement and scheduled a hearing on an award of attorneys' fees and costs to the prevailing plaintiffs for November 10, 2023. On March 10, 2023, the Court ordered supplemental briefing on the entitlement to attorneys' fees or costs to Russell M. Frandsen.

The Court acknowledges that Russell M. Frandsen was present throughout the hearing on the Motion to Enforce Settlement Agreement conducted in this Court and testified regarding his legal representation and business role in the transactions between the respective parties in this matter. He has provided an extensive declaration and billing records in support of his request for attorneys' fees for the period August 3, 2020 to August 16, 2022.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 62

**19STCV00723**                                                       April 21, 2023
**ANDRE BERGER, et al. vs ALEX FOXMAN, et al.**                       8:10 AM

Judge: Honorable Michael L. Stern          CSR: None
Judicial Assistant: M. Alaniz              ERM: None
Courtroom Assistant: P. Figueroa           Deputy Sheriff: None

Attorney Frandsen was both self-represented and also represented other plaintiffs with co-counsel when he filed the Complaint in case no. 19STCV000723 on January 8, 2019. He was counsel of record on February 28, 2019, when a First Amended Complaint was filed in that case. He filed the Notice of Settlement in case no. 19STCV000723 on behalf of all plaintiffs on May 2, 2019 and was counsel of record when the Court subsequently executed the order on stipulation regarding the terms of settlement and the Court retaining jurisdiction regarding enforcement of settlement terms on May 13, 2019 in that case.

Within about a month after the August 13, 2020 filing of the Complaint for Declaratory Relief and Damages by the Foxmans, on September 15 and 16, 2020, the defendants, including Russell M. Frandsen, each executed and subsequently filed substitutions of attorneys forms relieving attorney Frandsen as an attorney of record for all defendants, including himself, in case no. 19STCV000723. Attorney Steven S. Davis was substituted as the attorney representing all of the parties whom attorney Russell M. Frandsen formerly had represented.

In all proceedings since September 2020, when the above-stated substitutions of attorney forms were executed, Russell M. Frandsen has not been an attorney of record for himself or any other party in this consolidated action. Since that time, he has not appeared in court as an attorney on any of the many proceedings leading up to the hearing on the Motion to Enforce Settlement Agreement; he is not stated as counsel of record on any filed pleadings since he substituted out; none of the proofs of service of any pleadings list him as counsel or otherwise since he substituted out; and, up to the time of the present request for attorneys' fees, he has not claimed to be an attorney of record in this consolidated matter since substituting out for himself and others on September 15, 2020.

The billing records in support of Frandsen's request for attorneys' fees state that his first representation for which he is claiming attorneys' fees began on August 3, 2020. His billing entries for August 3 and 4 indicate his review of correspondence with attorney Morris, who represents the Foxmans. The August 4, 2020 billing entry indicates, at most, his possible review of a proposed Complaint to be filed the Foxmans, which, in fact, was filed on August 13, 2020. That supposition is not certain from the billing entry for August 4. By the time of his next billing entry on September 17, 2020, Frandsen has had already executed substitution of attorneys forms to withdraw as attorney of record for himself and all other parties (September 15 and 16, 2020). Although he may have reviewed some communications with attorney Morris on August 3 and 4 pertaining to enforcement of the Settlement Agreement, such work cannot be considered legal work on the consolidated case since he never made a formal appearance of any kind and substituted out as an attorney of record almost simultaneously as the date of the filing of the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 62

**19STCV00723**                                                      April 21, 2023
**ANDRE BERGER, et al. vs ALEX FOXMAN, et al.**                                  8:10 AM

Judge: Honorable Michael L. Stern          CSR: None
Judicial Assistant: M. Alaniz               ERM: None
Courtroom Assistant: P. Figueroa            Deputy Sheriff: None

Foxman declaratory relief action.

Based on this review, the Court concludes that attorney Russell M. Frandsen had withdrawn as an attorney of record in case no. 19STCV00723, on September 15, 2020, before the Foxman Complaint in case no. 20STCP02611, and was never an attorney of record or entered an appearance or any kind as a self-represented attorney or for any other party at any time in the consolidated case no. 20STCP02611.

For these reasons, the Court denies the request by Russell M. Frandsen for attorneys' fees and costs in this case. See, Trope v. Katz, 11 Cal.App.4th 272, 292 (1995) (compensation for self-representation by an attorney for attorney time not allowed); Richards v. Sequoia Ins. Co., 195 Cal.App.4th 431, 436-437 (2011) (attorneys who represent themselves in disputes involving contracts containing attorneys' fees provisions cannot recover attorney's fees as compensation for the time and effort they expend on their own behalf or for lost professional business opportunities).

The Motion for Attorney Fees filed by Andre Berger, Tracy Berger on 02/15/2023 is Denied.

Plaintiffs' counsel is ordered to prepare a proposed amended judgment by April 26, 2023, meet and confer with defendants' counsel regarding its form and contents by May 2, 2023 and file the proposed amended judgment by May 8, 2023. Any objections to be filed by May 8, 2023.

Clerk is to give notice.

Certificate of Mailing is attached.

**EXHIBIT B**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 62

**19STCV00723**                                                          May 3, 2023
**ANDRE BERGER, et al. vs ALEX FOXMAN, et al.**                            8:30 AM

Judge: Honorable Michael L. Stern          CSR: None
Judicial Assistant: M. Alaniz              ERM: None
Courtroom Assistant: D. Ortiz              Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Steven S. Davis Via LA CourtConnect

For Defendant(s): Steven A. Morris Via LA CourtConnect

Other Appearance Notes: Party Russell M. Frandsen (Video)

**NATURE OF PROCEEDINGS:** Hearing on Ex Parte Application that the Court clarify its
April 21, 2023, Order as to plaintiffs request for prevailing party attorneys fees and costs for
their representation by plaintiffs counsel of record Steven S. Davis and Michelman Robinson,
LLP

The matter is not called for hearing.

Plaintiffs Russell M. Frandsen, Christine Frandsen, Andre Berger and Tracy Berger's Ex Parte
Application and defendants' opposition is/are reviewed in chambers and taken under submission.

LATER:

The Court, having taken the matter under submission, now rules as follows:

The Ex Parte Application that the Court clarify its April 21, 2023, Order as to plaintiffs request
for prevailing party attorneys fees and costs for their representation by plaintiffs counsel of
record Steven S. Davis and Michelman Robinson, LLP filed by Andrew Berger, Christie
Frandsen, Russell M. Frandsen, National ACO, LLC, Tracy Berger on 05/01/2023 is Denied.
The ex parte application presents neither an exigency justifying ex parte relief, statutory or case
authority for a "clarification" of the Court's order or circumstance justifying relief under Code of
Civil Procedure §1008.

The Court signs and files the Order denying the ex parte application this date.

Clerk is to give notice.

Certificate of Mailing is attached.

---

**EXHIBIT C**

1  MICHELMAN & ROBINSON, LLP
   STEVEN S. DAVIS, ESQ., SBN 79019
2  10880 WILSHIRE BLVD., 19TH FLOOR
   LOS ANGELES, CA  90024
3  Telephone:    (310) 299-5500
   Telecopier:    (310) 299-5600
4  E-Mail:      sdavis@mrllp.com
5
6  Attorneys for Plaintiffs ANDRE BERGER, TRACY
   BERGER,  RUSSELL  M.  FRANDSEN,  CHRISTIE
7  FRANDSEN AND NATIONAL ACO, LLC
8
9              SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
                 FOR THE COUNTY OF LOS ANGELES
11
12 ANDRE BERGER, TRACY BERGER,            CASE NO. 19STCV00723
   RUSSELL M. FRANDSEN, CHRISTIE          **CONSOLIDATED WITH: 20STCP02611**
13 FRANDSEN, AND NATIONAL ACO, LLC
14                                        *Assigned for all Purposes to*:
            Plaintiffs,                   The Hon. Michael L. Stern, Department 62
15
16        vs.                            **NOTICE OF WITHDRAWAL OF APRIL
                                         20, 2023 [PROPOSED] JUDGMENT OF
17 ALEX FOXMAN, MICHAL MOREY-             JUDICIAL FORECLOSURE AND
   FOXMAN, ILANA MIKHLIN, RICHARD FOX,    ORDER OF SALE (Code of Civil
18 ALEX FOXMAN, MD, INC., a California     Procedure section 726)**
   professional corporation, MED INSTITUTE,
19 INC., a California corporation, and DOES 1
   through 20, inclusive.                Hon. Michael L. Stern
20                                        Dept.:          62
                                         Complaint Filed:   January 8, 2019
21          Defendants.                  Stipulation to Retain Jurisdiction Entered:
                                         April 8, 2019
22
23
24
25
26
27
28

**NOTICE OF WITHDRAWAL OF APRIL 20, 2023 [PROPOSED] JUDGMENT OF JUDICIAL
FORECLOSURE AND ORDER OF SALE (Code of Civil Procedure section 726)**

1    **TO THE HONORABLE COURT AND ALL COUNSEL OF RECORD:**

2    **PLEASE TAKE NOTICE THAT** Plaintiffs Andre Berger, Tracy Berger, Russell M. Frandsen and

3    Christie Frandsen have withdrawn their  [Proposed] Judgment of Judicial Foreclosure and Order of

4    Sale (Code Of Civil Procedure Section 726) submitted on April 20, 2023.

5

6

7
      Dated:  May 10, 2023                        MICHELMAN & ROBINSON, LLP
8

9                                                 By: _____

10                                                    Steven S. Davis
                                                      Attorney for Plaintiffs
11                                                    Andre Berger, Tracy Berger, Russell M. Frandsen,
                                                      Christie Frandsen, and National ACO, LLC
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

2

**NOTICE OF WITHDRAWAL OF APRIL 20, 2023 [PROPOSED] JUDGMENT OF JUDICIAL
FORECLOSURE AND ORDER OF SALE (Code of Civil Procedure section 726)**

**PROOF OF SERVICE**
*Andre Berger, et al. vs. Alex Foxman et al.*
Superior Court of California, County of Los Angeles
Case No.: 19STCV00723

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 10880 Wilshire Blvd., 19th Floor, Los Angeles, California 90024.

On May 10, 2023, 2023, I served the document(s) described as follows:

**NOTICE OF WITHDRAWAL OF [PROPOSED] JUDGMENT OF JUDICIAL FORECLOSURE AND ORDER OF SALE (Code of Civil Procedure section 726)**

on the interested parties in this action, by placing a true copy thereof enclosed in a sealed envelope(s) addressed to the following addressee(s):

**SEE ATTACHED SERVICE LIST**

☐   **(BY MAIL)** I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Los Angeles, California. He is readily familiar with the practice of Michelman & Robinson LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is scheduled for collection. He is aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒   **(BY ELECTRONIC MAIL)** By personally transmitting to the above-named person(s), who has previously agreed to receive documents via electronic mail, to the e-mail address as shown above, on the date and time listed below, originating from the Michelman & Robinson, LLP's electronic mail address, pursuant to the C.R.C. 2060 and Government Code § 11440.20.  A true copy of the above-described document(s) was transmitted by electronic transmission through the Michelman & Robinson, LLP's mail server, which did not report any error in sending the transmission.

☐   **(BY PERSONAL SERVICE)** I placed the documents in the possession of a messenger who personally delivered it to the persons identified below at the address identified below.

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.  Executed on May 10, 2023, at Los Angeles, California.

Susan Bailey
Susan Bailey

1

**ATTACHED SERVICE LIST**

2

*Andre Berger, et al. vs. Alex Foxman et al.*
LASC Case No.: 19STCV00723

3

Consolidated with

4

*Alex Foxman, et al. v. Russell M. Frandsen, et al.=*
LASC Case No.: 20STCP02611

5

6

7

Steven A. Morris, Esq.                    Attorneys for Defendants and Plaintiffs, ALEX
Jonathan M. Deer                          FOXMAN, MICHAEL MOREY-FOXMAN,

8

**QUANTUM LAW GROUP, LLP**       ALEX FOXMAN, M.D., and MED
                                           INSTITUTE INC.,

9

8383 Wilshire Boulevard, Suite 935
Beverly Hills, CA 90211

10

Tel: (323) 955-2600

11

Email: morris@quantumlawgroup.com
        jdeer@quantumlawgroup.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

**PROOF OF SERVICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

5950 Canoga Avenue, Suite 400, Woodland Hills, CA 91367

A true and correct copy of the foregoing document entitled (*specify*): Motion for Confimation of Debtors' Second Amended Plan of Reorganization; Memorandum of Points and Authorities; Request for Judicial Notice

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 05/15/2023 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

shavkinesq@gmail.com;stella@havkinandshrago.com stpregion16.wp.ecf@usdoj.gov

kate.bunker@usdoj.gov dcrochetiere@bautelaw.com, hwells@bautelaw.com  mpham@hahnlawyers.com

sseflin@bg.law, sks@bg.law;mailto:aquijano@bg.law;C192@ecfcbis.com;ecf@bg.law

drallis@hahnlawyers.com, marias@hahnlawyers.com;mpham@hahnlawyers.com;drallis@ecf.courtdrive.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 05/15/2023 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 05/15/2023 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Debtor(s)  (VIA E-MAIL)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/15/2023 | Stella Havkin | /s/ Stella Havkin |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

Andre Berger, et al
400 Brighton Way, Suite 405
Beverly Hills, CA 90210

Baute Crochetiere Hartley & Velkei
777 S. Figueora St. #3800
Los Angeles, CA 90017

Ilana Mikhlin
3314 Oakley Drive
Los Angeles, CA 90068

Navient
PO Box 9533
Wilkes Barre, PA 18773

Richard Fox
9663 Santa Monica Blvd., #674
Beverly Hills, CA 90210

Specialized Loan Services, LLC
PO Box60535
City of Industry, CA 91716

Union Bank
PO Box 650349
Dallas, TX 75265-0349

Wells Fargo
PO Box 14517
Des Moines, IA 50306

Wells Fargo Bank, N.A.
435 Ford Road, Suite 300
Minneapolis, MN 55426-1063

Wells Fargo Home Mortgage
PO Box 51162
Los Angeles, CA 90051