Stella Havkin (SBN 134334)
David Jacob (SBN 256374)
Havkin & Shrago Attorneys at Law
5950 Canoga Avenue, Suite 400
Woodland Hills, California 91367
Telephone: (818) 999-1568
Facsimile: (818) 293-2414
Email: stella@havkinandshrago.com

Attorneys for Debtors and Debtors in Possession Alex Foxman and Michal J. Morey

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | Case No. 1:21-bk-10179-VK |
| ALEX FOXMAN, and MICHAL J. MOREY | Chapter 11 |
| | Subchapter V |
| Debtors and Debtors in Possession. | **SIXTH STIPULATION TO CONTINUE HEARING AND RELATED DEADLINES REGARDING CONFIRMATION OF THE THIRD PLAN OF REORGANIZATION** |
| | Current Hearing Date: |
| | Date:  January 18, 2024<br>Time:  2:00 p.m.<br>Place:  Courtroom 301<br>        21041 Burbank Blvd<br>        Woodland Hills California 91367 |

**TO THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY JUDGE; SUSAN K. SEFLIN SUBCHAPTER V TRUSTEE, OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER PARTIES IN INTEREST:**

<u>**PARTIES**</u>

This Stipulation is entered into by and between Debtors Alex Foxman ("Foxman"), and

Michal J. Morey (referred together as "Debtors"), by and through their attorneys of record, and

1  Andre Berger, Tracy Berger, Russell Frandsen, Christie Frandsen (referred together as the "Berger-

2  Frandsen Group") by and through their attorneys of record.  The Debtors and the Berger-Frandsen

3  Group shall be collectively referred to herein as the "Parties."

4  **RECITALS**

5  The Parties enter this Stipulation with reference to the following facts:

6  1.    On January 8, 2019, Berger-Frandsen Group filed a complaint against the Debtors

7  and related parties in Los Angeles Superior Court ("Superior Court"), thereby initiating the action

8  styled as *Andre Berger, et al. v. Alex Foxman, et al.* and bearing Case No. 19STCV00723 (the "First

9  State Court Action");

10  2.    Effective March 31, 2019, the Parties entered into a settlement agreement and mutual

11  release (the "Settlement Agreement") in which the Debtors executed a promissory note ("Note") in

12  favor of the Berger-Frandsen Group and executed deeds of trust in favor of the Berger-Frandsen

13  Group against the Debtors' real estate ("Subject Real Estate").

14  3.    On August 13, 2020, the Debtors and related entities filed a complaint against the

15  Berger Frandsen Group and related entities in Superior Court, thereby initiating the action styled as

16  *Alex Foxman et al v. Russell Frandsen, et al,* and bearing Case No 20STCP02611 (the "Second

17  State Court Action);

18  4.    On December 9, 2020, the Berger-Frandsen Group filed in the First State Court

19  Action a "*Motion to Enforce Settlement Agreement Pursuant to the Court's Retained*

20  *Jurisdiction*"("Enforcement Motion").  On December 14, 2020, some of the Berger-Frandsen Group

21  and related entities filed a cross complaint against the Debtors in the Second State Court Action.

22  5.    On February 3, 2021 ("Petition Date") the Debtors filed a voluntary Chapter 11

23  subchapter V bankruptcy petition for relief under the Bankruptcy Code. (the "Bankruptcy").

24  6.    On April 8, 2021 the Debtors commenced adversary against the Berger Frandsen

25  Group and related entities (the "Adversary").  BK Docket No. 61.

26  7.    The Berger-Frandsen Group filed a Motion for Relief from Stay (Action in

27  Nonbankruptcy Forum) (Docket No.72) ("RFS 1").

28  8.    On May 4, 2021, the Debtors filed a *Plan of Reorganization for Small Business under*

*Chapter 11* (BK Docket No. 88). ("First Plan").  The First Plan included payment and treatment of creditors secured by the Subject Real Estate.

9.    On May 12, 2021, this Court entered an *Order Setting Chapter 11 Subchapter V Plan Confirmation Hearing and Related Deadlines* (BK Docket No. 99) that set the confirmation hearing on the First Plan for July 8, 2021 ("Hearing") and objection deadline for June 17, 2021 ("First Deadline Order");

10.    On May 18 2021, this Court entered an Order granting the relief requested in RFS 1 to continue prosecuting the Enforcement Motion in the First State Court Action. BK Docket No. 111.

11.    On May 20, 2021, the Debtors filed a Supplement explaining treatment of creditors secured by the Subject Real Estate. BK Docket No. 112.

12.    On June 1, 2021, the Court entered an "*Order Approving Stipulation to Abate Adversary Proceeding and Continue Status Conference*" (AP. Dkt No. 9) which stays the AP until further order of the Court and set a status conference for December 15, 2021; ("<u>First AP Stipulation</u>").

13.    On June 16, 2021, the Parties entered a stipulation to continue the Hearing and related deadlines. BK Docket No. 129. ("First Stipulation").  In the First Stipulation, the Parties requested a continuance to give the Parties time to coordinate discovery in the various venues and to give the Berger-Frandsen Group time to review documents produced in discovery to avoid prejudicing the Berger Frandsen Group's ability to file a comprehensive objection to the Debtors' proposed treatment of their claims under the Plan.  On June 17, 2021, the Court entered an order approving the First Stipulation continuing the Hearing to November 18, 2021 and related deadlines. ("First Order").

14.     On October 8, 2021, the Parties entered a second stipulation to continue the Hearing and related deadlines. BK Docket No. 187 ("Second Stipulation").  In the Second Stipulation the Parties requested a continuance on the same grounds as the First Stipulation because major motions were pending in the Superior Court.   On October 13, 2021 the Court entered an order approving the Second Stipulation continuing the Hearing to February 10, 2022 and related deadlines. BK Docket

No. 190. ("Second Order").

15.    On November 10, 2021, this Court entered an order approving the Parties stipulation staying the AP until further Order of the Court and set a Status Conference for March 16, 2022 (AP Docket No. 9). ("Second AP Stipulation").

16.    On January 26, 2022, the Parties entered a third stipulation to continue the Hearing and related deadlines BK Docket No. 216 ("Third Stipulation") for July 14, 2022.  In the Third Stipulation, the Parties requested a continuance on the same grounds as the Second Stipulation.  On January 27, 2022, the Court entered an Order approving the Third Stipulation. ("Third Order")

17.    On June 30, 2022, the Parties entered into a fourth stipulation to continue the Hearing and related deadlines BK Docket No. 265 ("Fourth Stipulation").  In the Fourth Stipulation, the Parties requested a continuance on the same grounds as the Third Stipulation.  On July 5, 2022, the Court entered an order approving the Fourth Stipulation BK Docket No. 267 ("Fourth Order"), continuing the Hearing and related deadlines to September 22, 2022.

18.    On August 22, 2022, the Court continued the Hearing and related deadlines to November 18, 2022. Bk Docket No. 278.

19.    On November 18, 2022, the Court continued the Hearing and set June 16, 2023 as the deadline for the Debtors to confirm their Plan. BK Docket No. 291.

20.    On November 30, 2022, the State Court issued its Order on Plaintiff's Motion to Enforce Settlement Agreement in favor of the Berger Frandsen group liquidating the amount owed under the MESA at $1,155,168.06 plus 10% interest as of November 30,2022.  On February 15, 2023, the Berger Frandsen Group filed a motion titled "*Motion for Prevailing Party Attorney's Fees and Costs Against Defendants Alex Foxman and Michal Foxman*" in the First State Court Case. ("Fee Motion".)  While the Fee Motion was pending, on February 21, 2023, the Berger Frandsen Group filed Motion For Relief From the Automatic Stay (Real Property) to obtain the right to foreclose on the Subject Real Estate.  BK Docket No. 306. ("RFS 2").

21.    On March 10, 2023, the Superior Court ordered the Parties to submit additional declarations to assist the Superior Court in ruling on the Fee Motion.  The Court subsequently denied the Fee Motion which the Berger Frandsen Group has appealed and their appeal remains pending.

The Court also set September 28, 2023 to hear a summary judgment motion and for any surviving claims to go to trial on the Second State Court Case on October 30, 2023 ("Trial Date") with a final status conference set for October 19, 2023 at 10:00 a.m.    This was again postponed.

22.    The RFS 2 was set for hearing for April 12, 2023. BK Docket No. 326.

23.    On April 7, 2023, the Debtors filed the first amended plan ("Second Plan") which included payments on the Subject Real Estate and treatment of creditors secured by the Subject Real Estate. BK Docket No. 332.

24.    On April 12, 2023 the Court granted the relief requested by the Berger Frandsen Group in RFS 2 providing them the ability to exercise all of their state court remedies, including foreclosure, on the Subject Real Estate.  BK Docket No. 339.

25.    On April 13, 2023, the Debtors, assuming the Berger-Frandsen Group would pursue non-judicial foreclosure and be barred from collecting any deficiency under California Civil Procedure Code § 580d, the Debtors filed their Third Amended Plan ("Third Plan") which unlike the First Plan and Second Plan, did not include payments on the Subject Real Estate and treatment of creditors secured by the Subject Real Estate or any treatment of the Berger-Frandsen Group.

26.    On April 21, 2023, the Superior Court denied the Berger-Frandsen Group's Fee Motion and set May 8, 2023 as the deadline to submit a proposed order and judgment.  On May 8, 2023, the Berger-Frandsen Group requested that the Superior Court not enter a judgment in Berger Frandsen Group's favor because such a money judgment could result in an unintended forfeiture of the Berger-Frandsen Group's security interests against the Subject Real Estate.

27.    On May 15, 2023, the Debtor filed a motion to confirm the Third Plan Docket No. 356.  The hearing on the confirmation of the Third Plan is set for June 15, 2023 with the Debtors having filed their confirmation brief and with the objections due to be filed by May 25, 2023.  The United States Trustee objected to the Plan (BK Docket No. 266) and the Berger-Frandsen Group voiced to Debtors' counsel their intent to file an objection to the Third Plan to preserve their rights.

28.    The Debtors' assumption underlying the Third Plan was that the Berger-Frandsen Group had made a final election of their remedies to pursue non-judicial foreclosure instead of a Superior Court money judgment.  This assumption was and is premature insofar as the Berger-

Frandsen parties have not been found to make such election. Debtors may argue that in the event the Berger Frandsen Group pursue or have imposed upon them a Superior Court money judgment, they would conceivably have an unsecured claim that would need to be treated in any plan. The Debtors also believe that the outcome in the Second State Court Case could also result in an off-set and or elimination of the Berger-Frandsen Group claim. The Berger-Frandsen group dispute the Debtors' assumptions and contentions. Further, the Berger-Frandsen Group could succeed in their appeal of the Fee Motion decision. Moreover, recently the Debtors through counsel in the Superior Court have asserted that the Berger-Frandsen Group could have violated the one action rule and may only have an unsecured claim against the Debtors. The Berger-Frandsen Group dispute this assertion. The Debtors' request for preliminary injunction against the Berger-Frandsen Group based on this argument was recently denied by the State Court. However, the case remains. Bottom line, there remain numerous outstanding issuers. Therefore, any plan would have to provide for at least five possible different outcomes. While the Debtors believe they have provided for potential outcomes in the Third Plan, more issues arose after the filing of the Third Plan that were unforeseen and could not have been provided for. Thus, Debtors believe that any plan at this point would have to include a proposed payout to unsecured creditors as either 0.1% or 100% because it is impossible to determine which option would work based on all the unsettled issues in the Superior Court case. Considering the fluidity of the Parties' rights and obligations in the Superior Court, clarification of which at best would be completed after the completed trial in the Second State Court Case.

29.     To ensure that the Court would give a fifth stipulation, the Debtors will continue depositing the sum of $3,000 into a separate debtor in possession account segregated for the future payment of unsecured debt regardless of amount and nature of the debt and debt holders which started on June 15, 2023 without prejudice to further objection to that amount or any future determination of Debtors' disposable income.

30.     As a result, the Parties entered a fifth stipulation ("Fifth Stipulation") filed with the Court. BK Docket No. 365.   In the Fifth Stipulation, the Parties requested that the Court continue the Hearing and related deadlines until after the Trial Date on October 30, 2023 at a date and time that is available for the Court, with May 30 2023 as the deadline to object to the Confirmation of

the Third Plan.

31.    On May 25, 2023, the Court entered an order approving the Fifth Stipulation subject to following conditions that the

        1     hearing regarding confirmation of the Third Plan then set for June 15, 2023 were vacated;

        2     deadlines related to plan confirmation as set forth in the Court's November 18, 2022 Order (Docket No. 291) were vacated;

        3.     set December 22, 2023 as the deadline for the Debtors to confirm a chapter 11 plan; ("Confirmation Deadline")

        4.     set November 9, 2023 at 2:00 p.m. as the status conference hearing;

        5.     set November 2, 2023 as the deadline for the Debtors to file a status report with evidence in the form of declarations and supporting documents addressing the (1) Debtors' efforts to obtain the consent of their creditors for a consensual plan; the (2) prospects for plan confirmation and any additional information the Debtors would like to disclose to the Court.

32.    On October 24, 2023, the Superior Court continued the Trial Date to December 13, 2023.  On November 13, 2023, the Superior Court denied Berger Frandsen's motion for judgment on the pleadings and confirmed that the Court trial will proceed on December 13, 2023 or shortly thereafter depending on whether other trials set for the same which have priority will proceed first. As such, the issues between the parties will not get resolved until after the current confirmation deadline.  It is more than likely that the Superior Court after the trial will take time to issue a statement of decision which make take 60 days.  Thus, for the same reasons the Parties requested in the Fifth Stipulation, the Parties agree that the Confirmation Deadline should be continued out at least ninety (90) days to a date and time available before this Court.

## STIPULATION

**WHEREFORE**, based on the above, the Parties, by and through their counsel of record, hereby agree and stipulate as follows:

1.  Subject to Court approval, the Confirmation Deadline currently set for December 22,

1     2023 shall be continued to date which is available ninety days from the Confirmation

2     Deadline.

3

4  **IT IS SO STIPULATED.**

5

6  DATED:  November 20, 2023              Havkin and Shrago

7

8                                        By:  /s/ Stella Havkin
                                             _____
9                                            Stella Havkin
                                             Attorneys Debtors Alex Foxman and Michal J.
10                                           Morey

11 DATED:  November 20, 2023              Michelman & Robinson LLP

12

13                                       By:
                                             _____
14                                           Howard I. Camhi
                                             Attorneys for Andre Berger, Tracy Berger,
15                                           Russell Frandsen, Christie Frandsen

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

   5950 Canoga Avenue, Suite 400, Woodland Hills, CA 91367

A true and correct copy of the foregoing document entitled (*specify*): Stipulation to Extend Deadlines _____

_____

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/20/2023_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

   shavkinesq@gmail.com; stella@havkinandshrago.com stpregion16.wp.ecf@usdoj.gov

   kate.bunker@usdoj.gov dcrochetiere@bautelaw.com, hwells@bautelaw.com  mpham@hahnlawyers.com

   sseflin@bg.law, sks@bg.law;mailto:aquijano@bg.law;C192@ecfcbis.com;ecf@bg.law

   drallis@hahnlawyers.com, marias@hahnlawyers.com;mpham@hahnlawyers.com;drallis@ecf.courtdrive.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 11/20/2023_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

   Debtor(s)  (VIA E-MAIL)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/20/2023 | Stella Havkin | /s/ Stella Havkin |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.